IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  vs.                                        **Civil Action 2:12-cv-754**
                                                  **Magistrate Judge King**

**JEFFREY MARABLE, MD,**

    **Defendant.**

OPINION AND ORDER

This is an action to recover on a government insured Health Education Assistance Loan ("HEAL") allegedly executed by Defendant Jeffrey Marable, M.D. *See Complaint*, Doc. No. 2, (attaching as Exhibits A and B a copy of the HEAL Note and a *Certificate of Indebtedness*). On March 21, 2014, this Court granted Plaintiff's motion for summary judgment in the amount of $114,672.91. *Opinion and Order*, Doc. No. 21; *Clerk's Judgment*, Doc. No. 22.[1] This matter is now before the Court on *Defendant Jeffrey Marable's Objections to Magistrate's* [sic] *Opinion and Order Dated March 21, 2014* ("*Defendant's Motion*"), Doc. No. 23, which the Court has received as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See Order*, Doc. No. 24. For the reasons that follow, *Defendant's Motion* is **DENIED**.

**I. BACKGROUND**

Between 1986 and 1990, Defendant took out various loans, including HEAL loans from private lender Sallie Mae, to finance his

---

[1] The parties consented to disposition of the case by the undersigned pursuant to 28 U.S.C. § 636(c).

1

medical schooling. Defendant consolidated six loans on February 21, 1995, pursuant to the Federal HEAL Consolidation Program by executing a Sallie Mae HEAL Relief Promissory Note in the principal amount of $94,566.33 ("the HEAL Note"). *Bankruptcy Documents,* p. 3, attached to *Plaintiff United States of America's Reply to Its Motion for Summary Judgment ("Plaintiff's MSJ Reply"),* Doc. No. 14-2. Defendant made payments on the HEAL Note until he filed a petition under Chapter 13 of the Bankruptcy Code on January 5, 2005. *Affidavit of Jeffrey Marable, M.D. ("Marable Affidavit"),* ¶ 5, attached to *Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's MSJ Memo in Opp."),* Doc. No. 13-1. Sallie Mae filed a proof of claim in that action in the amount of $75,774.34 in connection with a student loan or loans. *Bankruptcy Documents,* p.1, attached to *Plaintiff's MSJ Reply*, Doc. No. 14-2.  The Educational Credit Management Corporation ("ECMC"), a servicer for Sallie Mae loans, filed a separate proof of claim in the bankruptcy action in connection with a different student loan in the amount of $45,093.57. *Id*. at 3 *et seq*. The Schedule F in Defendant's bankruptcy proceedings reflects claims by or on behalf of Sallie Mae in the total amount of "$121,243.55" in connection with student loans. *Id*. at 7.

Sallie Mae filed a claim with the Department of Health and Human Services ("HHS") in the amount of $75,891.00 after Defendant filed for bankruptcy protection. *Certificate of Indebtedness*, pp. 1-2, attached as *Exhibit B* to *Complaint*. HHS paid that claim on February 10, 2005, and the HEAL Note was assigned to HHS. *Id*. HHS advised Defendant of

2

the assignment and attempted, without success, to work out a repayment schedule. *Id*. at 2-3.

As noted *supra*, this Court granted summary judgment to Plaintiff in the total amount of $114,672.91.

In *Defendant's Motion,* Defendant argues that there remains a genuine dispute of material fact as to (1) whether Defendant defaulted on the HEAL Note, and (2) the amount of damages, even assuming that he did. *Defendant's Motion*, pp. 3-4. Thus, according to Defendant, the judgment should be vacated and the action should proceed to a trial on the merits. *Id*. at 5.

Plaintiff opposes *Defendant's Motion*, taking the position that Defendant has failed to allege a clear error of law. *Plaintiff United States of America's Response in Opposition to Motion to Alter or Amend Judgment* ("*Plaintiff's Response*"), p. 1, Doc. No. 25.

**II. STANDARD**

A court may alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)(citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010).

**III. ANALYSIS**

As discussed *supra*, Plaintiff seeks to recover on a HEAL promissory note. To establish a *prima facie* case to recover on a promissory note, the government must show that "(1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009)(citing *United States v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994)). If the government establishes a *prima facie* case, then the defendant debtor "has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id*. (citing *United States v. Davis*, No. 00-1985, 28 F. App'x 502, 503 (6th Cir. Jan. 31, 2002)).

In granting summary judgment in this case, the Court determined that Plaintiff had established a *prima facie* case and that Defendant had "failed to create a genuine issue of material fact as to the 'nonexistence, extinguishment or variance in payment of the obligation.'" *Opinion and Order*, Doc. No. 21, p. 11 (citing *Petroff-Kline*, 557 F.3d at 290). The Plaintiff established a *prima facie* case by providing a copy of the signed HEAL Note and the *Certificate of Indebtedness*, which establish that the Defendant signed the HEAL Note, that the Government is the present owner of the HEAL Note, and that the HEAL Note is in default. *Id*. at 5; *see Petroff-Kline*, 557 F.3d at 290.

In seeking to alter or amend the judgment entered in this action, Defendant offers no newly discovered evidence or change in controlling law, nor does he point to a need to prevent manifest injustice.

Instead, Defendant argues that, in granting summary judgment, the Court committed an error of law. *Defendant's Motion.*

Defendant argues, first, that the Court erred in concluding that Defendant is in default under the HEAL Note. In this regard, Defendant insists that all of his student loans were consolidated into the HEAL Note, which was then placed in forebearance by Sallie Mae in 2011. *Defendant's Motion*, p. 2; *Marable Affidavit*, ¶¶ 5, 11. Plaintiff responds that the loan in forbearance to which Defendant refers is an entirely different loan that was not included in the HEAL Note. *Plaintiff's Response*, p. 2. Noting that Sallie Mae was paid $75,891.00 for its claim in connection with the HEAL Note on February 10, 2005, and then assigned the HEAL Note to the Plaintiff, Plaintiff also argues that Sallie Mae could not have granted forbearance on Defendant's HEAL Note in 2011 because Sallie Mae no longer owned or serviced that loan as of February 10, 2005. *Id*.

Plaintiff's arguments are well taken and Defendant's assertion in his affidavit that all of his student loans were consolidated in the HEAL Note does not create a genuine issue of material fact. As this Court concluded in its grant of summary judgment, a reasonable jury could not conclude that the HEAL Note includes the note currently in forbearance in light of "discrepancies in the outstanding principal balances, origination dates, and original loan amounts." *Opinion and Order*, p. 10.

The note in forbearance originated on September 8, 1994. *Letter to Defendant from Sallie Mae,* p. 3, attached to *Plaintiff's MSJ Reply*, Doc. No. 14-1. The HEAL Note at issue in this case does not include a

5

loan that originated in 1994.  *Compare id. with Exhibit A*, p. 3, attached to *Complaint*.  Moreover, Defendant is simply wrong when he asserts that "Sallie Mae filed a proof of claim in the bankruptcy in the amount of $75,774.34 . . .[and no] other claims were filed in the bankruptcy on behalf of student loan creditors."  *Defendant's Motion*, p. 2.  Although Sallie Mae filed a proof of claim in the amount of $75,774.34 in the bankruptcy proceeding, *Bankruptcy Documents*, p. 1, Doc. No. 14-2, the record establishes that ECMC, a Sallie Mae servicer, also filed a proof of claim relating to a student loan and the Schedule F filed in the bankruptcy action reflects claims by or on behalf of Sallie Mae in the total amount of "$121,243.55."  *Id.* pp. 3, 7. The record therefore establishes that the HEAL Note does not include every student loan on which Defendant is obligated.

Furthermore, and as Plaintiff notes, the HEAL Note was assigned to Plaintiff following its payment of Sallie Mae's claim in connection with that loan in 2005. Therefore, Sallie Mae no longer owned the HEAL Note and could not have effectively placed it in forbearance in 2011.

After again reviewing the record and the arguments of the parties, this Court again concludes that a reasonable jury could not find that the Sallie Mae loan in forbearance is the HEAL Note at issue in this action. The loan in forbearance was not included in the HEAL Note, the two loans have different origination dates, and Sallie Mae has not owned or serviced the HEAL Note since February 10, 2005. As it relates to this argument, *Defendant's Motion* is without merit.

Defendant also argues in *Defendant's Motion* that there is a genuine dispute of material fact as to the amount due on the HEAL

6

Note, even assuming Defendant's default. *Defendant's Motion*, p. 4. Specifically, Defendant points to Sallie Mae's proof of claim in Defendant's bankruptcy proceeding in the amount of $75,774.34 and to the principal balance of $108,860.04 in the *Certificate of Indebtedness* filed in this action. *Id*. Defendant sees an issue for trial in the fact that "at the time of Dr. Marable's bankruptcy Plaintiff was claiming a balance of $75,774.34; yet, years later Plaintiff claims that the principal balance **increased**." *Id*. (emphasis in the original).

In response, Plaintiff takes the position that the increase in the principal amount due is explained by the fact that interest on the HEAL Note has been compounded annually. *Plaintiff's Response*, p. 3.

Plaintiff's arguments are again well taken. Defendant does not claim credit for any payments by him on the HEAL Note since his bankruptcy proceedings, nor does he allege error in the calculations reflected in the *Certificate of Indebtedness*. The principal balance on the HEAL Note therefore properly increased by the compounded interest each year. As it relates to this argument, *Defendant's Motion* is likewise without merit.

In short, Defendant has failed to establish a clear error of law in the grant of summary judgment in favor of Plaintiff. Defendant has failed to establish a genuine dispute of material fact as to the "'nonexistence, extinguishment or variance in payment of the obligation.'" *Opinion and Order*, p. 11 (citing *Petroff-Kline*, 557 F.3d at 290).

7

8

*Defendant Jeffrey Marable's Objections to Magistrate's* [sic] *Opinion and Order Dated March 21, 2014*, Doc. No. 23, is therefore **DENIED**.

                                         *s/ Norah McCann King*
                                         Norah McCann King
                                         United States Magistrate Judge

July 15, 2014